UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| LAN DOANG | CIVIL ACTION |
|---|---|
| VERSUS | No. 12-606 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | SECTION "N" |

## ORDER AND REASONS

Before the Court is the **Motion to Remand** by Plaintiff, Lan Doang. (Rec. Doc. 8). This motion is opposed by Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"). After considering the Petition, the Notice of Removal, the memoranda of the parties, and the applicable law, this Court finds that this motion should be **DENIED**.

## I. Background

In September 2008, Plaintiff purchased a 2009 Pontiac, which she financed through CapitalOne Auto Finance and insured through State Farm. Plaintiff's policy provided liability, comprehensive, collision, and uninsured motorist coverage. Plaintiff additionally purchased "GAP" insurance from Fidelity Warranty Services, Inc., to cover the amount between State Farm's policy limit and the remaining principal balance of the auto loan in the event of a total loss to the vehicle.

In the present case, Plaintiff filed a claim with State Farm, after an alleged theft of her vehicle on July 4, 2010.[1] State Farm refused to make payment under the policy to Plaintiff, however, on grounds that she breached the "Concealment or Fraud" provision of the policy. Plaintiff then sued State Farm, on January 30, 2011, in Louisiana state court. On March 7, 2012, State Farm removed the state proceeding to this Court on grounds of diversity jurisdiction under 28 U.S.C.§ 1332. Plaintiff now seeks remand to the 34th Judicial District Court for the Parish of St. Bernard, urging that her claim does not satisfy the requisite amount in controversy.

With her lawsuit, Plaintiff seeks recovery of the sums to which she is allegedly entitled under her policy. *See* Rec. Doc. 8, at 6-8. Plaintiff also seeks statutory penalties for State Farm's breach of duty and fair dealings under La. R.S. 22:1973, the cost to repair her credit, and attorney's fees and costs. *Id.*. Based on these requests, Defendant contends that Plaintiff undisputedly seeks an award of $77.620.76, exclusive of interest and costs.

## II. Arguments of the Parties

Plaintiff has filed a motion asking this Court to remand this action to state court for lack of subject matter jurisdiction. Plaintiff does not dispute diversity of citizenship, but argues the total amount in controversy is not satisfied. Specifically, Plaintiff claims that State Farm has a right of subrogation against Plaintiff's GAP coverage in the amount of $21,721.70, thereby reducing the total amount of damages at issue to $55,899.06. Plaintiff therefore argues that the amount in controversy does not exceed $75,000, such that this Court lacks jurisdiction.

---

[1] Although the vehicle was recovered five days after Plaintiff filed this insurance claim, it had been damaged by burning.

In response, Defendant maintains that its potential right to subrogation against the GAP insurer does not divest this Court of jurisdiction. Rather, because Defendant asserts the amount in controversy presently exceeds $75,000, it contends this Court has proper jurisdiction.

### III. Law and Analysis

Federal district courts have original subject matter jurisdiction over diverse parties when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. In terms of removal jurisdiction, a defendant generally may remove a civil action filed in state court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The jurisdictional facts supporting removal are examined as of the time of removal. *See Gebbia v. Walmart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000). Once jurisdiction is established, subsequent events reducing the amount in controversy to less than $75,000 do not divest the court of diversity jurisdiction. *Id.* The removing party bears the burden of establishing that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *see also Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995)

In the present case, though diversity of the parties is undisputed, the amount in controversy is not. Louisiana law, however, prohibits a plaintiff from pleading a specific amount of monetary damages. La. Code Civ. Proc. art. 893(A). Thus, Defendant must prove by a preponderance of evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Circ. 2002) (citing *DeAguliar,* 47 F.3d at 1412). Given that, Defendant satisfies its burden if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite

3

amount. *Id.* (quotations and citations omitted). If a removing defendant meets its burden in either of these ways, the plaintiff must then show to a legal certainty that his or her claims do not exceed $75,000. *DeAguilar,* 47 F.3d at 1412.

Here, Defendant has met its burden of proving by a preponderance of evidence that the requisite amount in controversy is demonstrated by the allegations of Plaintiff's petition. In other words, it is facially apparent that, at the time of removal, Plaintiff's claimed damages exceeded $75,000, exclusive of interest and costs. Plaintiff's requested monetary recovery – contractual damages under State Farm's insurance policy, statutory damages pursuant to LSA. RS. 22:1973, reasonable attorney's fees, and the cost to repair her credit – total at least $77,620.76.

Although Plaintiff urges the Court to also consider Defendant's alleged subrogation rights relative to Plaintiff's GAP policy, no such claims have been asserted, nor is it certain they will be. In any event, as previously stated, post-removal events that reduce the amount in controversy do not divest the court of diversity jurisdiction. Therefore, for purposes of removal, it is immaterial whether State Farm ultimately is reimbursed, by virtue of subrogation, for sums previously paid to Plaintiff.

**IV. Conclusion**

For the foregoing reasons, the Court finds it has subject matter jurisdiction over this removed action. Accordingly, **IT IS ORDERED** that Plaintiff's motion to remand is **DENIED**.

New Orleans, Louisiana, this 9th day of July 2012.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

4